# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of John D. Compton, III, Respondent.

Appellate Case No. 2026-000371

Opinion No. 28347
Submitted July 16, 2026 – Filed August 12, 2026

## PUBLIC REPRIMAND

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Phylicia Yvette Christine
Coleman, both of Columbia, for the Office of
Disciplinary Counsel.

John D. Compton, III, of Greenwood, pro se.

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR). In the Agreement, Respondent admits misconduct, agrees to pay
costs, and consents to the imposition of a confidential admonition or a public
reprimand. We accept the Agreement and issue a public reprimand.

## I.

Respondent was admitted to practice in 1990, and his disciplinary history includes
a 2011 letter of caution citing Rule 1.3 (requiring diligence) and Rule 1.4
(requiring timely and adequate communication) of the Rules of Professional

Conduct, Rule 407, SCACR.[1]  This Agreement between Respondent and ODC addresses three practice-related complaints.

*Matter A*

On July 10, 2018, Client A hired and paid Respondent $4,200 for a divorce matter. Beginning in January 2022, Client A began having issues reaching Respondent.  In April 2022, Client A and Respondent spoke via telephone, and Respondent informed Client A that he moved his law firm to another city.  During this call, Respondent scheduled a video conference with Client A for April 27, 2022, at 12:30 p.m.

On April 27, 2022, Client A logged on for the video conference; however, Respondent did not appear.  Client A waited online for an hour and a half before calling Respondent.  Client A attempted to contact Respondent again with additional phone calls to no avail.  Client A eventually found out Respondent had closed his law firm.  On June 17, 2022, Client A filed a complaint with ODC.

Respondent contends he missed the video conference call due to an inadvertent clerical mistake when calendaring the matter.  Respondent cannot recall whether he contacted Client A when the mistake was realized.  Respondent refunded Client A his retainer fee.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.3 (requiring diligence); and Rule 1.4 (requiring timely and adequate communication).

*Matter B*

In 2018, Client B hired and paid Respondent $1,700 for a bankruptcy matter. Client B spent years attempting to communicate with Respondent regarding the matter.  After Respondent failed to return phone calls, emails, or text messages and failed to file the case, Client B filed a complaint with ODC on July 15, 2022. Respondent admits he failed to adequately communicate with Client B, and Respondent refunded the retainer.

---

[1] *See* Rule 2(s), RLDE, Rule 413, SCACR (providing a letter of caution may be considered in a subsequent disciplinary proceeding against the lawyer if the caution or warning contained therein is relevant to the misconduct alleged in the proceedings).

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.1 (requiring competence); Rule 1.3 (requiring diligence); and Rule 1.4 (requiring timely and adequate communication).

*Matter C*

In 1996, G.M. executed a last will and testament naming Respondent as his personal representative and created a trust for the benefit of his wife, A.M., in the event she survived him.  The trust was set to terminate upon the death of A.M., with income received prior to her death to be paid to A.M.'s estate, and the corpus of the trust was to be distributed equally among G.M.'s daughters.  The trust was thereafter to be dissolved.  G.M. passed away in 2002, and A.M. passed away in July 2022.

On November 22, 2022, one of G.M.'s daughters contacted Respondent regarding division of the trust assets.  On December 20, 2022, Respondent replied indicating several things needed to be done before winding up the trust.  Within this reply, Respondent also indicated he had been in inpatient treatment for four months and was spending much of his time in San Jose, Costa Rica.  G.M.'s daughters heard nothing further from Respondent.  In October 2024, Respondent was removed as trustee, and the funds in the trust were disbursed to G.M.'s daughters.  Respondent failed to do any significant work to wind up the trust between December 2022 and 2024.

Respondent's conduct in this matter violates the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (requiring diligence); Rule 1.4 (requiring timely and adequate communication); and Rule 1.15(d) (requiring a lawyer to promptly deliver funds to third parties).

**II.**

Respondent admits his misconduct as set forth above constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional conduct constitutes a ground for discipline).

In the Agreement, Respondent consents to the imposition of a confidential admonition or public reprimand as a sanction for his misconduct.  Respondent also agrees to pay costs and complete the Legal Ethics and Practice Program Ethics

School within one year.  Additionally, Respondent agrees to meet with Lawyers Helping Lawyers within thirty days to undergo a drug and alcohol abuse assessment to determine whether any additional services or treatments are needed.

Submitted with the Agreement are several character letters and an affidavit in support of Respondent's character.  These documents indicate Respondent suffered a serious motorcycle accident in August 2017, which resulted in Respondent's hospitalization in an intensive care unit for over a month, as well as permanent chronic pain issues.  At some point, Respondent developed a substance use disorder.  However, in July 2022, Respondent entered an inpatient rehabilitation program and appears to have been sober since that time.  These letters attest to Respondent's perseverance despite obstacles, growth and humility, and accountability for his mistakes.

## III.

We find Respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct.  Within thirty days, Respondent shall pay the costs incurred in the investigation prosecution of this matter by ODC and the Commission on Lawyer Conduct.

Respondent shall also complete an assessment with LHL within thirty days and comply with any resulting recommendations.  Respondent shall promptly provide a copy of the assessment and any recommendations to the Commission.  Within one year, Respondent shall complete the Legal Ethics and Practice Program Ethics School and promptly provide proof of completion to the Commission.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., JAMES, HILL and VERDIN, JJ., concur.**